UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD PRIME BEY,

    Plaintiff,

v.                              Case No. 3:19-cv-1261-J-34MCR

COUNTY OF COLUMBIA THIRD JUDICIAL
CIRCUIT IN AND FOR THE STATE OF
FLORIDA (TRAFFIC COURT), AGENTS
OF THE SHERIFF DEPARTMENT, and
POLICE DEPARTMENT EMPLOYEES,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's "Mandatory Notice of Claimant [sic] Right to Court Without 'Fees,'" construed as an Application to Proceed *in Forma Pauperis* ("Application") (Doc. 2). For the reasons stated herein, the undersigned **RECOMMENDS** that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

## I. Introduction

On October 30, 2019, *pro se* Plaintiff, Richard Prime Bey also known as Richard Antwain Cooper, commenced this action by filing a two-page "Cover Letter" addressed to the Clerk of Court and Chief Judge Merryday, along with numerous attachments, including a "Legal Notice," a certificate, an "International Affidavit of Right to Travel [sic] Covenant, Estoppel, Execution, and Lien," a "Legal Notice of Removal," a "Declaration of Trust," a copy of the "United Nations Declaration on the Rights of Indigenous Peoples," a copy of the "Universal Declaration of Human Rights," an "Affidavit of Fact – Writ of Discovery," an "Averment of Jurisdiction – Duo Warranto," an "Affidavit of Fact – Notice of Default Judgment and Intent to Lien," a copy of the "State's Discovery Exhibit," a copy of "Columbia County Sheriff's Office to State Attorney [sic] Office Intake Checklist," an "Information," and a copy of a "Criminal Justice Agency Information Request Form." (Docs. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14.) The same day, Plaintiff also filed his Application, purporting to show his entitlement to proceed *in forma pauperis*, without utilizing the Court's Application to Proceed in District Court Without Prepaying Fees or Costs (AO 239 form) and without otherwise providing any information about his financial situation, including sources of income, assets, financial obligations, dependents, etc. (Doc. 2.)

## II.  Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Even assuming that the Application sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss the case *sua sponte*, if it determines at any time that it lacks subject matter jurisdiction.  Fed.R.Civ.P. 12(h)(3).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)).  To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of his claims.  Fed.R.Civ.P.

3

8(a). This statement of facts must show the plausibility of Plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F. 3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)). A complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which means that the plaintiff must include a short and plain statement of facts in support of his claims. *See* Fed.R.Civ.P. 8(a). "Each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.* A complaint must also include a demand for the relief that Plaintiff hopes to obtain at the end of the litigation, and a statement of the grounds for the Court's jurisdiction. Fed.R.Civ.P. 8(a).

A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). "A claim is frivolous if it is without arguable merit either in law or

fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)), *cert. denied*, 534 U.S. 1044 (2001).  Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  *Bilal*, 251 F.3d at 1349.

To state a claim for relief under 42 U.S.C. § 1983,[2] a plaintiff must allege, first, a violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In addition, for liability under § 1983, a plaintiff must allege an affirmative causal connection between the defendant's conduct and the alleged constitutional deprivation.  *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995).

Further, to establish a *prima facie* case of § 1983 conspiracy, "a plaintiff must show, among other things, that the defendants 'reached an understanding to violate [his] rights.'" *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283-84

---

[2] 42 U.S.C. § 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

5

(11th Cir. 2002). Although the "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy," he "must show some evidence of agreement between the defendants." *Rowe*, 279 F.3d at 1283-84; *see also Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir. 1992) ("To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy. . . . [T]he linchpin for conspiracy is agreement, which presupposes communication[.]") (internal citations and quotation marks omitted), *cert. denied*, 506 U.S. 832 (1992).

In civil rights actions, a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *see also Kearson v. S. Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985), *cert. denied*, 474 U.S. 1065 (1986). As explained in *Slotnick*:

> In an effort to control frivolous conspiracy suits under § 1983, federal courts have come to insist that the complaint state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy. It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts. This rule might have been applied with profit to this case. The complaint contains frequent references to conspiracy, but it offers few insights into the specific nature of the alleged concerted action.

6

*Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977) (internal citations omitted), *cert. denied*, 434 U.S. 1077 (1978) (footnote omitted).

Finally, the pleadings of *pro se* litigants, like Plaintiff, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that pleadings submitted by *pro se* parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Further, courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed.R.Civ.P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

**III.   Analysis**

Even when construed liberally, Plaintiff's two-page "Cover Letter," construed as a Complaint, fails to state the basis for the Court's jurisdiction, fails to state a claim on which relief may be granted, and appears frivolous. The Complaint essentially asks the Court "to command" the "lower court, County of

Columbia[,] Third Judicial Circuit in and for the State of Florida (Traffic Court) and their agents of the Sheriff [sic] Department and the Police Department employees to immediately stop their color of law actions against" Plaintiff and his tribe/family. (Doc. 1 at 1.)

Then, through his attachments, Plaintiff attempts to remove the criminal proceedings filed against him in the County Court of the Third Judicial Circuit in and for Columbia County, Florida to this Court, arguing that he is not subject to the jurisdiction of the state court.[3] (*See* Doc. 1-4.)  Also through his attachments, Plaintiff is purporting to sue the State of Florida, the County of Columbia, the Third Judicial Circuit, the Sheriff of Columbia County, the Clerk of Court, the Judge, and the two state prosecutors in the underlying state court case for compensatory and punitive damages.  (*See id.*)  Plaintiff alleges that these

---

[3] Plaintiff apparently considers himself to be a "sovereign citizen." (*See, e.g.*, Docs. 1-1, 1-2, 1-3, 1-4.)  Sovereign citizens "believe they are not subject to the jurisdiction of the courts and [] frequently deny that they are the defendants in the action, instead referring to themselves as third-party intervenors . . . . Courts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

Here, the attachments to the Complaint indicate that Richard Antwain Cooper was charged with driving with a suspended or revoked license on several occasions and was noticed to appear before Judge Coleman in the County Court of the Third Judicial Circuit in and for Columbia County most recently on October 21, 2019 in Case Number: CO-2019-001223-CT-A.  (*See* Docs. 1-10, 1-11, 1-12, 1-13, 1-14.)  Currently, there is one pending misdemeanor case against Plaintiff in Columbia County, which was filed on November 5, 2019 (Case Number 122019MM001777MMAXMX).  The Court takes judicial notice of Plaintiff's state court cases.  *See Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records, such as a complaint filed in another court); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78, 1280 (11th Cir. 1999); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

Defendants have engaged in a conspiracy to commit fraud against him, have denied him due process and equal protection under the law, as well as other rights, such as the right to a name and nationality of his choosing, etc. (*Id.*)

It is obvious that Plaintiff is using the present civil action to challenge his ongoing state criminal proceedings. (*See* Doc. 1 at 1 (asking this Court "to command" the state court, the Sheriff's Department, and the Police Department "to immediately stop their color of law actions against" Plaintiff and his family).) However, it is inappropriate to do so under the *Younger* abstention doctrine.[4] *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Reynolds v. Georgia*, Case No. CV417-069, 2017 WL 3726721, *1 (S.D. Ga. Aug. 29, 2017) (report and recommendation adopted by 2017 WL 4118963 (S.D. Ga. Sept. 18, 2017)) ("At bottom, Reynolds seeks to enjoin the state criminal proceedings . . . , relief this Court cannot provide.") (citing *Younger* and *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and

---

[4] *Younger v. Harris*, 401 U.S. 37 (1971) (holding that except in extraordinary circumstances, a federal court must abstain from deciding issues in an ongoing criminal proceeding in state court). Extraordinary circumstances include situations (1) "where irreparable injury is 'both great and immediate,'" (2) "where the state law is 'flagrantly and patently violative of express constitutional prohibitions,'" or (3) "where there is a showing of 'bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief.'" *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54). Plaintiff does not allege any extraordinary circumstances exist in this case.

federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining state criminal prosecutions.")); *see also Key v. Romeoville Police Dep't*, Case No. 15 C 9266, 2016 WL 4765710, *4 (N.D. Ill. Sept. 13, 2016) ("A criminal defendant may not utilize constitutional tort litigation to supplement—or sidetrack—the criminal proceedings.  Parallel civil and criminal proceedings create the possibility of inconsistent rulings.") (quoting *Rankins v. Winzeler*, No. 02 C 50507, 2003 WL 21058536, *6 (N.D. Ill. May 9, 2003)).

To the extent Plaintiff attempts to bring claims under 42 U.S.C. § 1983, his Complaint falls woefully short of stating a claim for relief even under a very liberal construction.  Plaintiff has not adequately alleged a violation of a right secured by the Constitution or laws of the United States, or any causal connection between Defendants' conduct and any alleged constitutional deprivation.[5]  In addition, Plaintiff has not alleged any agreement between Defendants to support a § 1983 conspiracy claim.  As there is insufficient factual support for Plaintiff's legal conclusions, the Complaint fails to state a claim on which relief may be granted, which provides an additional basis for dismissal of this case.[6]

---

[5] Also, Plaintiff has not alleged how each named Defendant has violated his rights.  In any event, many of the mentioned Defendants may be immune from suit as they are state government entities or their employees.

[6] To the extent Plaintiff attempts to bring a claim for malicious prosecution, such claim "does not accrue until the criminal proceedings have terminated in the plaintiff's favor."  *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).  Also, to the extent, Plaintiff

Based on the foregoing, this case should be dismissed without prejudice. Although in light of this conclusion the Court need not separately address Plaintiff's Application, the undersigned notes that the Application is deficient because it fails to provide any information about Plaintiff's financial situation and is not notarized.

Accordingly, it is respectfully **RECOMMENDED** that the Application (**Doc. 2**) be **DENIED**, this case be **DISMISSED without prejudice**, and the Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 18, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

attempts to bring a § 1983 claim for damages based on any unconstitutional conviction or sentence, such claim "does not accrue until the conviction or sentence has been invalidated." *Id.* Assuming that Plaintiff's state court proceedings have concluded, any action filed in federal court to reverse or otherwise invalidate a state court conviction and sentence would be barred by the *Rooker-Feldman* doctrine. *See Linge v. Georgia*, Case No. 1:13-cv-116-SCJ, 2013 WL 12106941, *1-2 (N.D. Ga. May 6, 2013). Under the *Rooker-Feldman* abstention doctrine, "a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Harper v. Chase Manhattan Bank*, 138 Fed. App'x 130, 132 (11th Cir. Apr. 25, 2005) (per curiam) (quoting *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). As stated in *Reynolds*, even assuming that Plaintiff has already been convicted and sentenced in state court, "this Court can do nothing to overturn [the sentence] until [Plaintiff] first *fully* exhausts his state habeas remedies" through either a direct appeal or a petition for state collateral relief. *Reynolds*, 2017 WL 4118963 at *1 & n.1 (emphasis in original).

11

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

*Pro Se* Party